# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 08-704-GPM<br>) |
| MICHAEL BRADY and ANGELA BECKER, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff insurance company filed this declaratory judgment action seeking a finding that it has no duty to defend or indemnify Defendant Michael Brady in a case against him filed in state court by Defendant Angela Becker. The Clerk of Court entered default against both Defendants after they failed to timely plead or otherwise defend. Shortly thereafter, Defendant Brady's counsel filed an entry of appearance and attempted to file an answer. The Court struck the answer because it was filed without leave of Court after default had been entered. Defendant Brady then filed a motion to set aside the default and attached his proposed answer. Plaintiff opposes the motion.

The underlying complaint against the insured, Michael Brady, alleges nothing but vicious intentional acts that do not constitute an occurrence under the policy and, moreover, are specifically excluded under Section II(m). Defendant's papers do not suggest that there is even a shadow of a meritorious defense to Plaintiff's timely complaint for declaratory judgment. *See, e.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982) (affirming district court's

refusal to set aside default where "defendants gave not the slightest indication of any specific defense on the merits" but merely tendered a general denial asserting that they were not liable to plaintiff).[1]  As such, there are no grounds for setting aside default, and default judgment will be entered in accordance with Federal Rule of Civil Procedure 55(b) upon Plaintiff's filing of a motion. Defendant Brady's motion to set aside default (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  02/25/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] In *Breuer Electric Manufacturing Company v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982), the Court noted the "weakness of defendants' 'good cause' showing" in addition to the "conclusory nature of their proposed answer."  Defendant Brady's assertion that he had insufficient funds with which to timely hire a lawyer is a similarly weak showing of good cause for default.