# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 08-704-GPM ) |
| MICHAEL BRADY and ANGELA BECKER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff insurance company filed this declaratory judgment action seeking a finding that it has no duty to defend or indemnify Defendant Michael Brady in a case against him filed in state court by Defendant Angela Becker. The Clerk of Court entered default against both Defendants after they failed to timely plead or otherwise defend. Shortly thereafter, Defendant Brady's counsel filed an entry of appearance and attempted to file an answer. The Court struck the answer because it was filed without leave of Court after default had been entered. Defendant Brady then filed a motion to set aside the default and attached his proposed answer, which Plaintiff opposed. In denying the motion to set aside, the Court found that (1) the claims in the underlying complaint are premised on vicious intentional acts of the insured, Michael Brady, and are therefore specifically excluded under the policy and (2) Defendant Brady failed to suggest any possible meritorious defense to the declaratory judgment action (*see* Doc. 20).

Thereafter, Plaintiff filed a motion for default judgment under Federal Rule of Civil

Procedure 55(b). Defendant Brady's counsel was served with the motion in accordance with the rule but failed to file any objection thereto. Under Local Rule of the United States District Court for the Southern District of Illinois 7.1(c), "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." Without objection, the Court granted Plaintiff's motion and entered default judgment on March 18, 2009. On March 24, 2009, Defendant Brady filed a motion for relief from judgment and/or to amend or alter judgment pursuant to Federal Rules of Civil Procedure 60(b) and 59(e).

It is well-settled that "a motion filed within 10 days after the judgment is, regardless of the label, to be treated as a Rule 59(e) motion … to alter or amend (in other words, to reconsider and revise) the judgment." *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *accord Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). To prevail on a Rule 59(e) motion, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotation omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures," and it "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). As set forth above, the Court entered default judgment only after Defendant Brady failed to respond to the motion seeking such relief. Therefore, not only did Defendant Brady fail to assert any meritorious defense to this action in seeking to set aside default, but then he failed to object to the motion for default judgment. Applying the foregoing standard, the circumstances presented in this case do not justify setting aside the judgment.

Even if the Court were to consider the motion under Rule 60(b), Defendant Brady would not be entitled to relief. Rule 60(b) generally requires a higher threshold of proof than does Rule 59(e), such that "exceptional circumstances" are required to prevail under Rule 60(b). *Romo*, 250 F.3d at 1121 n.3. In this Circuit, as a general rule, an attorney's intentional or negligent misconduct, including grossly negligent conduct, is not grounds for Rule 60(b) relief. *See United States v. 7108 West Grand Avenue, Chicago, Illinois*, 15 F.3d 632, 634-35 (7th Cir. 1994). It is clear from the electronic docket that Defendant Brady's counsel was served with the motion for default judgment but failed to file a response thereto. There is no "exceptional circumstance" in this case to warrant relief under Rule 60(b).

For the foregoing reasons, Defendant Brady's motion for relief from judgment and/or to amend or alter judgment (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 03/25/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge